UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

COURTSIDE VILLAGE, LLC,                                       No. 03-10105

                                     Debtor(s).
_____/

CHARLES E. SIMS, Trustee,

                                    Plaintiff(s),

       v.                                                                   A.P. No. 04-1114

ALAN STRACHAN, et al.,

                                    Defendant(s).
_____/

Memorandum re Jury Demands
_____

      Despite arguments to the contrary, this adversary proceeding is a relatively simple case. The Chapter 7 Trustee seeks to compel defendants, who are principals and insiders of the debtor, to make the estate solvent either because they are statutorily obligated to do so or because they wrongfully diverted profitable opportunities related to the debtor's real estate development project away from the debtor before they placed the debtor into bankruptcy.

      Defendants all filed proofs of claim, and yet have demanded a jury trial. The filing of a proof of

1

claim waives the right to a jury. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The Trustee has accordingly moved the court for an order striking the jury demands.

Defendants oppose the motion on two grounds. First, they argue that the adversary proceeding is so remote from their claims that the claims do not constitute a waiver. Second, they argue that if they withdraw their claims their waiver of a jury trial is also withdrawn.

Except in cases involving sovereign immunity, "remoteness" is not generally considered a grounds for granting a jury trial to a defendant who has filed a proof of claim.[1] Even if it were, it is hard to see how this case could be more intimately bound up in the issues raised by defendants themselves in their claims. The claims and this adversary proceeding all relate directly to the debtor's real estate development project and the rights of the parties stemming from their agreements with each other and many of the creditors. There is a clear, logical relationship between the claims and this adversary proceeding. They are two sides of the same coin, and should be heard together.

Defendants have not properly moved the court for leave to withdraw their claims.[2] Even if they had, however, the court would not restore their jury trial right. The power to withdraw a claim is subject to curtailment if withdrawal is sought after the claimant has been named in an adversary proceeding and the claimant has participated significantly in the case. FRBP 3006. Not only have defendants participated extensively in the case since they filed it as a Chapter 11 and attempted to reorganize, but they have extensively participated *in this adversary proceeding*.

Defendants' immediate response to the complaint was to file a lengthy motion to dismiss, compelling the court to undertake a detailed analysis of the allegations against them. Having sought and

---

[1] Even in sovereign immunity cases, remoteness is generally interpreted liberally in favor of waiver. See *In re Lazar*, 237 F.3d 967, 980 (9th Cir. 2001),

[2] Withdrawal of claims is a base case matter, governed by FRBP 3006. It is not properly part of this adversary proceeding.

2

Case: 04-01114    Doc# 92    Filed: 05/28/05    Entered: 05/31/05 06:53:19    Page 2 of 3

obtained the court's initial "take" on the case in this manner, any remaining argument that their jury trial right should be restored is gone. To permit a jury trial at this point would not just sanction forum shopping, but the worst sort of *post hoc* forum shopping. Having voluntarily tested the waters here, defendants are not at liberty to seek what they hope will be a warmer spa.

    For the foregoing reasons, the motion to strike the jury demands will be granted. Counsel for the Trustee shall submit an appropriate form of order.

Dated: May 28, 2005

                                              Alan Jaroslovsky
                                              U.S. Bankruptcy Judge