UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

COURTSIDE VILLAGE, LLC,  No. 03-10105

                    Debtor(s).
_____/

CHARLES E. SIMS, Trustee,

                    Plaintiff(s),

      v.  A.P. No. 04-1114

ALAN STRACHAN, et al.,

                    Defendant(s).
_____/

Memorandum re Preferences
_____

      Defendants Alan Strachan, Argonaut Constructors and Smith & Winters, LLC, are all insider of the debtor Courtside Village, LLC, and include its equity ownership and managers. Plaintiff Charles Sims, the Chapter 7 Trustee of the debtor's estate, alleges that each defendant received preferential payments from the debtor in the year prior to its bankruptcy filing. His motion for summary judgment on

1

these claims is now before the court.

Defendants' opposition to the motion rests only on two assertions: that the debtor was not insolvent on the date the payments were made, as required by § 547(b)(3) of the Bankruptcy Code, and that the payments did not enable them to receive more than their rightful dividend if the payments had not been received, as required by § 547(b)(4).

The § 547(b)(4) issue is easily dealt with, as it is based on a misunderstanding of the law. The requirement is met if the trustee shows that the dividend to persons in defendants' creditor class will not receive 100 cents on the dollar. *In re Lewis W. Shurtleff, Inc.*, 774 F.2d 1416, 1421 (9th Cir. 1985). Even assuming that the claims of the defendants are not to be subordinated, the evidence is overwhelming that the dividend will be far less than payment in full.

Insofar as insolvency is concerned, the court seems to have a better memory than the parties. At the plan confirmation hearing in 1993, the debtor's plan was contested by the "soft note" holders, who were to be paid after an insider received return of its capital contribution. In explaining why it was impossible for anything to be due on the soft notes, counsel for the debtor argued:

> "The Corporations Code doesn't let you return capital if you are insolvent or can't pay your bills as they become due. The debtor's never met that standard." 9/15/03, at 9:44.

Strachan himself, testifying in favor of confirmation, stated, "It was academic in 2000. If [the debtor] was dissolved everybody got a goose egg in 2000. We were under water." 9/15/03, 11:03-04.

Even if the court considers these statements, which bookend the date of the preferences, as mere admissions against interest and not grounds for judicial estoppel, they are evidence that the debtor was insolvent when the payments were made and has never been solvent. There is also considerable other evidence noted by the Trustee that the debtor was always insolvent. In the face of this evidence, the burden shifted to defendants to come forward with some evidence of solvency, which they have failed to produce even though as insiders they are in a position to produce evidence of the debtor's sound financial status if any exists. On the record before the court, there is no triable issue as to the debtor's insolvency when the transfers were made.

2

For the foregoing reasons, the Trustee's motion for partial summary judgment will be granted. Counsel for the Trustee shall submit an appropriate form of order.

Dated: July 11, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge